IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID GORDON,

    Petitioner,

v.                                                                                 CV 12-951 LH/WPL

JOHN SANCHEZ, Warden, and
GARY K. KING, New Mexico
Attorney General,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

David Gordon, proceeding pro se, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 alleging three grounds for relief on September 10, 2012.[1] (Doc. 1.) Defendants John Sanchez, Warden of Springer Correctional Center, and Gary K. King, New Mexico Attorney General, moved to dismiss Gordon's petition for failure to exhaust state court remedies. (Doc. 11.) The Court referred this case to me to make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 13.) Having reviewed the pleadings, record, and relevant law, I recommend that the Court grant the Respondents' motion and dismiss this case without prejudice.

Gordon is an inmate at the Springer Correctional Center in Springer, New Mexico. (Doc. 1 at 2). On September 19, 2008, a jury convicted Gordon of four counts of trafficking a controlled substance, possession of one ounce or less of marijuana, and the use or possession of

---

[1] Because this petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to guide this Court's determinations. *See, e.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008).

drug paraphernalia. (Doc. 7 at 1-2; *see also* Doc. 1 at 5.) The Twelfth Judicial District Court sentenced Gordon on May 22, 2009, to twenty-one years' imprisonment with twelve years suspended, for a total of nine years' imprisonment. (Doc. 7 at 1-2; Doc. 1 at 5.)

Gordon filed a direct appeal, but his conviction was affirmed. (Doc. 7 at 2.) However, the New Mexico Court of Appeals remanded the matter to the state district court in order to alter the description of two of the counts in the Judgment and Sentence. (*Id.*) Respondents concede that Gordon completed the direct appeal process on July 15, 2011, when the appellate court affirmed his sentence. (*Id.*)

On May 23, 2010, Gordon filed a state habeas application, and a week later, he filed a motion to amend the judgment and sentence. (*Id.*) His habeas application was denied on August 20, 2012. (*Id.*) Gordon proceeded to file a habeas petition in federal court (Doc. 1), and four days after filing his federal petition, he petitioned the New Mexico Supreme Court for a writ of certiorari (Doc. 7 at 3). On December 26, 2012, the Gordon's petition for a writ of certiorari was granted. (Doc. 11 Ex. A & B.) On February 1, 2013, Respondents moved to dismiss Gordon's federal habeas petition on exhaustion grounds. (Doc. 11.) Gordon did not file a response.

A federal habeas petitioner must give the state courts a fair opportunity to act on his claims prior to filing in federal court in order to satisfy the exhaustion requirement. *See* 28 U.S.C § 2254(c) (2006); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To provide the state court with a fair opportunity, the petitioner must "'fairly present' his claim in each appropriate court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). Known as the presentation requirement, this doctrine requires that the petitioner invoke one complete round of the state's appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012). The state bears the initial burden of asserting

exhaustion as a defense, but, once pled, the petitioner bears the burden of showing that he has exhausted all available state court remedies. U.S. R. GOV'G 2254 CASES 5(b); *Picard*, 404 U.S. at 275-76; *Hernandez v. Starbuck*, 69 F.3d 1089, 1091-92 (10th Cir. 1995).

When a petitioner has failed to fulfill the exhaustion requirement, a court will generally dismiss the petition without prejudice to allow the petitioner to exhaust his state remedies. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997).

Gordon's petition is currently pending before the New Mexico Supreme Court. Since Gordon must *complete* one round of the state's appellate review process and not merely *initiate* review, his federal petition is barred by the exhaustion requirement. Accordingly, I recommend that the Court grant Respondents' motion to dismiss (Doc. 11), deny Gordon's petition for a writ of habeas corpus pursuant to § 2254 (Doc. 1), and dismiss this case without prejudice. Gordon is free to re-file should the state supreme court deny his petition. I also recommend that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.            3